An v. Barr

BIA
Poczter, IJ
A206 058 648

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

ZHI XIN AN,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-381
NAC

_____

FOR PETITIONER: Theodore N. Cox, New York, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Ernesto H. Molina, Jr., Deputy Director, Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Xin An, a native and citizen of the People's Republic of China, seeks review of a January 16, 2018, decision of the BIA affirming an April 7, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Xin An,* No. A206 058 648 (B.I.A. Jan. 16, 2018), *aff'g* No. A206 058 648 (Immig. Ct. N.Y. City Apr. 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's determination that An was not credible.

As an initial matter, An only challenges the agency's adverse credibility determination as it pertains to his fear of future persecution on account of his activities in the United States.  Accordingly, he has waived any challenge to the agency's conclusion that he was not credible as to his claim of past persecution.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and

3

normally will not be addressed on appeal." (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))).

The agency reasonably relied on inconsistencies within An's statements and between his statements and documentary evidence regarding his involvement in the United States with the magazine Beijing Spring, and when police first approached his parents and threatened them. Each of these findings is supported by the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67. An's testimony between the 2015 hearing and the 2017 hearing was inconsistent regarding the extent of his political activities in the United States. In 2015, he testified that he was an assistant editor of the magazine Beijing Spring. But in 2017, at the hearing specifically to address future persecution based on his activities in the United States, An did not mention his position as editor until asked about it on cross examination. The agency did not err in relying on this omission because it was a significant and specific fact that went to the heart of An's fear of future persecution. *See Hong Fei Gao*, 891 F.3d at 78-79 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant

4

circumstances"). The IJ was not compelled to credit An's explanation that he was nervous and forgot to mention this position. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("We again reject the notion that a petitioner's claim that [h]e was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of h[is] statements."); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Nor did the agency err in relying on the discrepancy between An's testimony and his mother's letter regarding when the Chinese police approached and threatened his parents. An testified in March 2015 that Chinese authorities had learned of his activities in the United States and threatened his parents. But his mother's letter, submitted after the initial hearing, states that she and An's father learned of An's activities in the United States when the police questioned and threatened them in September 2015, i.e., after the hearing at which An testified to the threats. The agency

did not err in relying on this discrepancy because it created an inconsistency in the timeline and the omission was central to An's fear of future persecution. *See Hong Fei Gao*, 891 F.3d at 79.

Additionally, given the inconsistency with his parents' letters, An did not rehabilitate his questionable testimony with reliable corroborating evidence regarding his fear of future persecution upon return to China. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Accordingly, given the inconsistencies and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Because this adverse credibility determination is dispositive, we do not reach the agency's alternative bases for its decision. *See INS v. Bagamasbad*,

429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court